UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 07-CV-5118 (JFB) (ARL)

———————————

LOUIS PISANI,

Plaintiff,

VERSUS

ASHLEY L. DIENER, ESQ., ET AL.,

Defendants.

———————————

**MEMORANDUM AND ORDER**
March 17, 2009

———————————

JOSEPH F. BIANCO, District Judge:

Plaintiff Louis Pisani ("plaintiff" or "Pisani"), brings this action against Ashley L. Diener ("Diener"), Maurice J. Kutner ("Kutner"), Harvey Rogers ("Rogers"), Michael Gale ("Gale"), (collectively, "Attorney Defendants"), Florida State Attorney Katherine Fernandez-Rundle ("Fernandez-Rundle") and Judge Deborah White-Labora ("Judge White-Labora"), (collectively, "defendants"), under 42 U.S.C. § 1983. Plaintiff also seeks to invoke the diversity jurisdiction of this Court and, construing the complaint liberally, appears to be asserting state claims against the defendants related to, among other things, fraud, legal malpractice, defamation and (with respect to one defendant) that he improperly retained money from the sale of plaintiff's house.

Defendants moved to dismiss the lawsuit pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), 12(b)(6), as well as Rule 8(a), of the Federal Rules of Civil Procedure. For the reasons set forth below, pursuant to Rules 12(b)(2) and 12(b)(3), the Court agrees with defendants that personal jurisdiction is lacking as to any defendants, and venue is improper in this District, but instead of dismissing the case, the Court transfers the case to the United States District Court for the Southern District of Florida in the interest of justice pursuant to 28 U.S.C. § 1406(a).

I. BACKGROUND

A. Facts

The following facts are taken from the amended complaint and are not findings of fact by the court. The Court assumes these facts to be true for the purpose of deciding this motion and construes them in the light most favorable to plaintiff, the non-moving party.

Plaintiff and his ex-wife, America Lopez ("Lopez"), were married in New Jersey in 1993. (Amended Complaint ("Am. Compl.") ¶ 1.) Lopez had a daughter from her first marriage, Tatiana Prats, and wanted two more children in her marriage with plaintiff. (*Id.* ¶ 4.) On or about April 2000, Lopez "left on one of her many trips to visit her mother in Miami, FL." (*Id.* ¶ 10.) "After three months, on or around July 2000 Plaintiff obtained a petition of habeas corpus to have the two children brought back to New York, their home state, in Nassau County venue." (*Id.* ¶ 11.) The amended complaint does not make clear who the "two children" were, though he is presumably referring to Anthony Pisani and Gabriella Pisani, who are referenced later in the amended complaint. (*Id.*, Exs. A-B.)

Plaintiff alleges that, on advice of counsel, plaintiff began divorce proceedings in New York on October 11, 2000. (*Id.* ¶ 13.) In January 31, 2001, Lopez filed a petition for dissolution of marriage in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida. (Plaintiff's Addendum of Exhibits filed July 7, 2008, Ex. G.) Around this time, Lopez began a proceeding in Miami-Dade County before Judge Deborah White-Labora to obtain a temporary injunction for protection against domestic violence against plaintiff. (*Id.* ¶¶ 16-17; Plaintiff's Memorandum of Law in Opposition, Ex. 6.) The injunction was entered on agreement between counsel for the parties on October 27, 2001. (Plaintiff's Memorandum of Law in Opposition, Ex. 6.) Plaintiff alleges that his counsel, Ashley Diener, "intentionally, negligently was in breach of duty to me when he 'agreed' to the temporary injunction," and "plaintiff requests that Ashley Diener be disbarred." (*Id.* ¶ 17.) Plaintiff alleges that the result of the injunction in Florida was "the parental alienation syndrome." (*Id.* ¶ 18.)

The amended complaint alleges that Lopez then took the children to California and then Mexico. (*Id.* ¶ 19.) Plaintiff alleges that Lopez then retained Kutner to represent her, and that Kutner is a contributor to the election campaign of Judge White-Labora. (*Id.* ¶ 20.) Plaintiff alleges that Kutner made defamatory statements about plaintiff and the children. (*Id.* ¶ 22.)

The complaint alleges that plaintiff was concerned about the well-being of his children and, therefore, tried to contact the Lopez family. (*Id.* ¶ 23.) Though the amended complaint is unclear about this, it appears that this was in violation of his injunction and led to proceedings against plaintiff. (*Id.* ¶¶ 23-24.) Plaintiff retained Gale for the evidentiary hearing held before Judge Harnables. Plaintiff alleges that, "through [Gale's] negligence I was arrested in Feb. 2001. He failed then to defend me at the 2nd evidentiary hearing. 'I should have expected that' was Gales' comment!" (*Id.* at 24.)

Florida State Attorney Katherine Fernandez-Rundle charged the plaintiff with aggravated stalking on or around July 2001 in Florida state court. (*Id.* ¶ 25.) The plaintiff alleges that he did not commit aggravated stalking, but rather was just trying to find out where his children were. (*Id.* ¶¶ 26-28.) In December 2002, plaintiff alleges that he went to a day care center "presumably with authority to see his children and give them gifts for Christmas." (*Id.* ¶ 29.) Plaintiff alleges that he was "arrested for violating the injunction even though according to Ken Kaplan Esq plaintiff had permission to see children. He was negligent." (*Id.* ¶ 30.) Plaintiff further alleges that "Judge Deborah White-Labora has acted maliciously with no finding of fact to cause plaintiff and children pain and suffering." (*Id.*

¶ 31.) In December of 2007, plaintiff filed a motion to vacate the injunction against him, but his motion was denied by Judge White-Labora. (*Id.* ¶ 32.)

Plaintiff alleges that he has not had any unsupervised contact with his children for the past seven years, that he has had his house taken from him, and that he was imprisoned "because of the negligent, malicious intentions of these defendants." (*Id.* ¶ 33.) Specifically, Plaintiff alleges that Rogers accused plaintiff of disparaging remarks against Cubans, is a campaign contributor to Judge White-Labora, and communicated ex parte with Judge White-Labora. (*Id.* ¶¶ 34-35.) Plaintiff alleges that Judge White-Labora discriminated against him on the basis of his national origin and gender, in that she "did not vacate injunction based on 'mistreatment' of day care worker who spoke only Spanish. I don't speak Spanish." (*Id.* ¶ 36.) Plaintiff generally alleges that defendants have discriminated against him on the basis of gender and national origin, in violation of 42 U.S.C. § 1983.

### B. Procedural History

Plaintiff filed the complaint in this action on December 5, 2007. Plaintiff filed an amended complaint on February 14, 2008. Defendant Rogers filed a motion to dismiss plaintiff's amended complaint on March 31, 2008. Defendant Kaplan moved to adopt Defendant Rogers' motion to dismiss on April 7, 2008. On April 18, 2008, defendants Judge Labora-White and Fernandez-Rundle filed a motion to dismiss plaintiff's amended complaint. On May 16, 2008, defendant Diener filed a motion to dismiss plaintiff's amended complaint. Defendant Kutner filed a motion to dismiss plaintiff's amended complaint on June 5, 2008. Defendant Gale also filed a motion to dismiss plaintiff's amended complaint on June 5, 2008. On June 16, 2008, plaintiff filed an opposition to the motions for dismissal. On June 25, 2008, defendant Rogers filed a reply. On June 27, 2008, defendant Diener filed a reply. On July 7, 2008, plaintiff filed exhibits to his opposition to the motions to dismiss the amended complaint. On August 4, 2008 and August 8, 2008, plaintiff filed additional addendum exhibits. These submissions have been considered by the Court.

### II. DISCUSSION

Defendants argue that plaintiff's amended complaint should be dismissed based upon, among things, lack of personal jurisdiction under Rule 12(b)(2) and improper venue under Rule 12(b)(3). As set forth below, the Court concludes that the Court lacks personal jurisdiction over any of the defendants and that venue is improper in this District. However, the Court also concludes that, given the lack of personal jurisdiction and the existence of improper venue, the lawsuit should be transferred to the United States District Court for the Southern District of Florida in the interest of justice, rather than dismissed.

### A. Subject Matter Jurisdiction

Prior to addressing the personal jurisdiction and venue issues, the Court must consider whether subject matter jurisdiction exists. Certain defendants – including attorneys Diener, Kutner, Rogers, and Kaplan – argue that the Court lacks subject matter jurisdiction over this lawsuit because plaintiff has failed to allege the requisite "state actor" requirement under Section 1983. Other arguments also have been made by various defendants regarding the application of the *Rooker-Feldman* doctrine. As discussed below, the

3

Court has considered all of the arguments related to the Court's subject matter jurisdiction and concludes that dismissal on that basis is not warranted.

As a threshold matter, with respect to the "state actor" requirement, the Court notes that plaintiff has sued two state officials – namely, Judge White-Labora and State Attorney Fernandez-Rundle of the Eleventh Judicial Circuit in the State of Florida – in connection with, among other things, judicial proceedings in which plaintiff was involved, and an alleged arrest for aggravated stalking. Thus, although these defendants have asserted other substantial grounds for dismissal, including statute of limitations and immunity, plaintiff has properly invoked the subject matter jurisdiction of this Court as to these defendants under Section 1983. As to the private parties, although these individuals are clearly not state actors, the Court recognizes that a private actor can be considered as acting under the color of state law for purposes of Section 1983 if the private actor was "'a willful participant in joint activity with the State or its agents.'" *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)) (citation omitted). This potential liability also applies to an attorney where the attorney "conspires with a state official to violate the plaintiff's constitutional rights." *Fisk v. Letterman,* 401 F. Supp. 2d 362, 378 (S.D.N.Y. 2005). Plaintiff appears to be attempting to invoke Section 1983 under that theory as to these private individuals. (*See* Am. Compl. ¶ 20.) Thus, under these circumstances, the question of whether plaintiff has sufficiently pled such a conspiracy as to the defendants – is more properly a question under Rule 12(b)(6), and not a jurisdictional issue. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006) ("On the subject matter jurisdiction/ingredient-of-claim-for-relief dichotomy, this Court and others have been less than meticulous. Subject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief - a merits-related determination.") (quotations and citation omitted); *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361-66 (2d Cir. 2000) ("Court decisions often obscure the issue by stating that the court is dismissing 'for lack of jurisdiction' when some threshold fact has not been established, without explicitly considering whether the dismissal should be for lack of subject matter jurisdiction or failure to state a claim."); *Rene v. Citibank NA,* 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999) ("to the extent the defendants contend that they are not amenable to a Section 1983 suit because they did not act under color of state law, such arguments are more appropriately raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim").[1]

Moreover, even assuming *arguendo* that Section 1983 liability cannot exist against certain defendants because of the lack of state action (or any other reason), the plaintiff is also invoking federal jurisdiction under the diversity jurisdiction statute. In his amended complaint, on the front page, plaintiff filled in that the jurisdiction of the Court is being invoked pursuant to "diversity of citizenship" and

---

[1] Although the Court may also dismiss for lack of subject matter jurisdiction if the claims that provide federal jurisdiction are "immaterial and made solely for the purpose of obtaining jurisdiction" or are "wholly insubstantial and frivolous," *Bell v. Hood*, 327 U.S. 678, 682-83 (1946), the Court is unable to reach that conclusion here especially because, as discussed below, plaintiff also has properly invoked the Court's diversity jurisdiction.

4

specifically alleges that he is a citizen of New York, while all of the defendants are citizens of Florida. (Am. Compl. at 1.) Similarly, on the second page of the amended complaint, plaintiff has a paragraph entitled "diversity jurisdiction" which quotes 28 U.S.C. § 1332. Finally, on the last page of the complaint in the relief section, plaintiff seeks, among other things, $1,000,000 in damages from each defendant.

Thus, although certain defendants argue that this Court lacks subject matter jurisdiction under federal question jurisdiction (on which the Court disagrees, as discussed *supra*), no defendants have presented a basis for concluding that the Court lacks diversity jurisdiction. As noted above, plaintiff has pled the requisite elements for diversity jurisdiction. According to the complaint, all defendants are residents of Florida and plaintiff is a resident of New York, so the first requirement of diversity jurisdiction is met.[2] Next, in order for there to be diversity jurisdiction, the amount in controversy must exceed $ 75,000. *See* 28 U.S.C. § 1332(a). As noted above, plaintiff's amended complaint indicates that plaintiff is seeking $1,000,000 from each defendant, which is clearly in excess of the required amount in controversy. The defendants have not challenged whether that amount was alleged in good faith. Therefore, the plaintiff's good faith demand, as set forth on the face of the complaint, determines whether the claim meets the jurisdictional minimum amount in controversy. *Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) ("We recognize 'a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.'") (quoting *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999)). Although it is not at all clear what damages plaintiff has sustained that would amount to such sums, plaintiff does allege malpractice, breach of fiduciary duty, defamation and that one defendant improperly retained money from the sale of plaintiff's house, and, therefore, his claim of damages is sufficient under the circumstances to satisfy the minimum amount in controversy requirement. Accordingly, because plaintiff has adequately invoked the Court's diversity jurisdiction, subject matter jurisdiction exists as to each defendant even if the Section 1983 claim does not create federal jurisdiction because of the lack of state action.

Moreover, the Court also has considered the various other grounds by defendants in support of dismissal for lack of subject matter jurisdiction and finds them to be unpersuasive.[3] Of course, the defendants have raised various

---

[2] None of the defendants claim there is lack of diversity of citizenship among the parties.

[3] Specifically, at least one defendant suggests in a conclusory fashion (without providing any state court judgments) that the *Rooker-Feldman* doctrine bars this lawsuit because it challenges the results in various state court proceedings. The Court recognizes that the *Rooker-Feldman* doctrine, if applicable, deprives the Court of subject matter jurisdiction. *See Rotering, M.D. v. Amodeo,* No. 07-4357-cv, 2009 WL 579138, at *1 (2d Cir. Mar. 6, 2009) (discussing elements of *Rooker-Feldman* doctrine and affirming dismissal for lack of subject matter jurisdiction). Although it appears that a portion of plaintiff's complaint is complaining of injuries caused by state court judgments against him and is seeking reversal of that judgment, and any such claims would be barred by *Rooker-Feldman*, other portions of the amended complaint are clearly alleging causes of action – including false arrest, malicious prosecution, legal malpractice, fraud, etc. – that go beyond seeking to overturn any state court judgment. Thus, there is no basis to conclude that the entire lawsuit is barred by *Rooker-Feldman*.

5

grounds under Rule 12(b)(6) for dismissal of all claims, including any potential state claims, because, among things, the claims are barred by the applicable statute of limitations, on grounds of immunity, and/or for failure to state a claim. These grounds for dismissal appear to be substantial and all claims may ultimately be summarily dismissed on one or more of those grounds. However, as defendants recognize, these grounds are not properly considered under Rule 12(b)(1), but rather should be framed under Rule 12(b)(6). *See, e.g., State Employees Bargaining Agent Coalition v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007) ("[W]e conclude that the District Court improperly construed defendants' motion to dismiss plaintiffs' claims on legislative immunity grounds under Rule 12(b)(1), as opposed to Rule 12(b)(6)."); *Brookings v. Clunk,* 389 F.3d 614, 617 (6th Cir. 2004) ("The availability of absolute judicial immunity in the context of a Rule 12(b)(6) motion to dismiss presents a question of law."); *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) ("Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss. Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted . . . ."); *Calemine v. Gesell*, No. 06 CV 4736 (SJ) (RM), 2007 WL 2973708, at *1 n.1 (E.D.N.Y. Sept. 28, 2007) ("Though Defendants move pursuant to Rule 12(b)(1) and 12(b)(6) for failure to state a claim, the grounds for their motion, res judicata and statute of limitations, are both properly considered under Rule 12(b)(6)."); *Spitalny v. Insurers Unlimited, Inc.*, No. 2:05CV12FTM-29SPC, 2005 WL 1528629, at *3 (M.D. Fla. June 24, 2005) (considering under Rule 12(b)(6) immunity from defamation claims arising during course of judicial proceedings).

Although there is no basis to dismiss this case for lack of subject matter jurisdiction, the Court concludes, for the reasons discussed below, that there is no personal jurisdiction against any defendants in New York and venue in this District is also improper.[4]

### B. Personal Jurisdiction

All defendants argue that plaintiff's claims against them should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). However, "[p]rior to discovery, a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction." *In re Magnetic Audiotape Antitrust Litigation*, 334 F.3d 204, 206 (2d Cir. 2003) (citing *Metro Life Ins. Co.*, 84 F.3d at 566). Furthermore, in considering a Rule 12(b)(2) motion, the pleadings and affidavits are to be construed in the light most favorable to plaintiff, the non-moving party, and all doubts are to be resolved in plaintiff's favor. *See DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 85 (2d Cir. 2001).

It is well settled that "[i]n diversity or federal question cases the court must look first to the long-arm statute of the forum state, in

---

[4] Because plaintiff invokes federal question jurisdiction under Section 1983 and diversity jurisdiction in connection with state claims, the Court will consider the personal jurisdiction and venue issues as applied to both Section 1983 and state claims.

6

this instance, New York."[5] *Bensusian Restaurant Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997). "If the exercise of jurisdiction is appropriate under that statute, the court then must decide whether such exercise comports with the requisites of due process." *Id.* Thus, the district court should engage in two-part analysis in resolving personal jurisdiction issues: (1) whether New York law would confer jurisdiction by New York courts over defendants; and (2) whether the exercise of jurisdiction over defendants comports with the Due Process Clause of the Fourteenth Amendment. *See Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005).

Under New York law, there are two bases for personal jurisdiction over out-of-state defendants: (1) general jurisdiction pursuant to N.Y.C.P.L.R. § 301, and (2) long-arm jurisdiction pursuant to N.Y.C.P.L.R. § 302. As set forth below, plaintiff's amended complaint clearly does not satisfy either provision.

Under N.Y.C.P.L.R. § 301, New York law confers jurisdiction over domiciliaries of New York, individuals physically present within the State of New York, and persons doing business in New York. There is no allegation that any of these requirements is met here. The defendants are all residents of Florida, there is no indication that any of the defendants were physically served in New York, and there is no allegation that any of the defendants does business in New York.

Under N.Y.C.P.L.R. § 302, "a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent: (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or (3) commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." *Overseas Media, Inc. v. Skvortsov*, Nos. 06 Civ. 4095 (L), 07 Civ. 2952 (CON), 2008 U.S. App. LEXIS 10128, at *5 (2d Cir. May 8, 2008).

There is no allegation that the defendants in this action satisfy any of these requirements. Plaintiff has not alleged any facts to support a finding of personal jurisdiction over any of the defendants. All of the defendants reside in Florida and there is no allegation that any of

---

[5] Thus, the same standard for personal jurisdiction applies whether plaintiff is pursuing his federal claim under Section 1983 (which does not provide for service of process beyond its borders) pursuant to the court's federal question jurisdiction, *see, e.g., Davis v. United States of America*, No. 03 Civ. 1800 (NRB), 2004 WL 324880, at *5 (S.D.N.Y. Feb. 19, 2004) ("Where, as here, no applicable federal statute provides for nationwide service of process, New York law governs the question of personal jurisdiction.") (citations omitted), or plaintiff is pursuing his state claims (such as for legal malpractice) under the Court's diversity jurisdiction. *See, e.g., Nader v. Getschaw*, No. 99 Civ. 11556 (LAP), 2000 WL 1471553, at *2 (S.D.N.Y. Sept. 29, 2000) ("Personal jurisdiction in a diversity case is determined first by the law of the state in which the district court sits.") (citations omitted).

the defendants have had any presence whatsoever in the State of New York. The defendants' only interactions with plaintiff arise out of judicial proceedings and other events that took place in Florida. Specifically, as is clear from the Amended Complaint and its exhibits, plaintiff sues (1) Judge White-Labora, a County Court Judge in Florida, because of her alleged conduct in connection with plaintiff's divorce proceedings in state court in Miami-Dade County; (2) Mr. Diener, a Florida attorney, because of the attorney's conduct in connection with representing plaintiff in the divorce proceedings in Florida; (3) Mr. Kutner, a Florida attorney, because of his alleged conduct in representing plaintiff's ex-wife in the divorce proceedings in Florida; (4) Ms. Fernandez-Rundle, the State Attorney of the Eleventh Judicial Circuit in the State of Florida, who prosecuted plaintiff in Florida state court for aggravated stalking and violation of an injunction against domestic violence; (5) Mr. Kaplan, a Florida attorney, because of his alleged conduct in representing plaintiff in Florida proceedings; (6) Mr. Rogers, a Florida attorney, because of his alleged conduct in representing plaintiff's ex-wife in Florida proceedings; and (7) Mr. Gale, a Florida attorney, because of his alleged conduct in representing plaintiff in connection with a court proceeding in Florida against plaintiff arising from his alleged violation of a temporary injunction for protection against domestic violence. In his opposition, plaintiff offers no argument or allegations that suggest that any of the alleged conduct that forms the subject matter for his Section 1983 claims, or state law claims, took place in New York State. Based upon these allegations, there is no *prima facie* showing of personal jurisdiction as to any of the defendants and, thus, the complaint cannot survive a motion to dismiss. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007).

B. Improper Venue

All defendants, except defendant Deiner, also argue that this case should be dismissed for improper venue, as all defendants reside in Florida and all of the events underlying plaintiff's claims took place in Florida. The Court agrees and concludes that, even if there were personal jurisdiction over the defendants, no venue exists in this District in connection with claims asserted against any of the defendants in this lawsuit. Thus, as to the defendants who made the motion on this alternative ground, the Court finds that venue is lacking.[6]

The burden with respect to a Rule 12(b)(3) motion to dismiss is the same as under Rule 12(b)(2) – namely, the burden of showing the existence of venue in the forum district lies

---

[6] With respect to the one defendant (Diener) who did not move in the alternative on grounds of improper venue, the Court recognizes that a *sua sponte* dismissal for improper venue would be unwarranted absent extraordinary circumstances. *See Gomez v. USAA Federal Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999) ("A district court may not dismiss a case *sua sponte* for improper venue absent extraordinary circumstances."). However, Diener did move (along with all other defendants) to dismiss on grounds of lack of personal jurisdiction. Because the Court ruled personal jurisdiction was lacking as to Diener and all other defendants, that ruling alone would provide a basis to transfer even in the absence of an accompanying venue motion. *See Songbyrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 179 (2d Cir. 2000) ("[W]hether or not venue [is] proper, lack of personal jurisdiction [can] be cured by transfer to a district in which personal jurisdiction could be exercised, with the transfer authority derived from either section 1406(a) or section 1404(a)."); *accord Sinclair v. Kleindienst*, 711 F.2d 291, 294 (D.C. Cir. 1983).

8

with the plaintiff but, absent an evidentiary hearing, the plaintiff need only make a *prima facie* showing of venue based on the pleadings, or any affidavits submitted. *See Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) ("We agree that a motion to dismiss for improper venue under Rule 12(b)(3) raises a quintessential legal question – where is venue proper? – even to the extent that it may be fact-specific. Accordingly, we will apply the same standard of review in Rule 12(b)(3) dismissals for improper venue as we do in Rule 12(b)(2) dismissals for lack of personal jurisdiction . . . ."); *Arma v. Buyseasons, Inc.,* 519 F. Supp. 2d 637, 648 (S.D.N.Y. 2008) ("[T]he burden of showing that venue in the forum district is proper falls on the plaintiff, but absent an evidentiary hearing, the plaintiff need only make a prima facie showing of [venue].") (citations and quotations omitted). Thus, in the instant case, because the court has not conducted an evidentiary hearing, the Court has accepted the facts alleged in the complaint as true and drawn all reasonable inferences in plaintiff's favor for purposes of venue, as it did in connection with the personal jurisdiction issue. *See, e.g., Degrafinreid v. Ricks*, No. 03 Civ. 6645, 2004 WL 2793168, at *6 (S.D.N.Y. Dec. 6, 2004).

The venue provision set forth in Section 1391(b) of Title 28, United States Code, governs cases, such as the instant lawsuit, involving questions of federal law, including civil rights claims under Section 1983. Specifically, Section 1391(b) provides that "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). Moreover, "[f]or venue purposes, public officials are deemed to reside in the district in which they perform their official duties." *Melendez v. Wilson*, No. 04 Civ. 0073 (PKC), 2006 WL 2621083, at *10 (S.D.N.Y. Sept. 12, 2006); *accord Amaker v. Haponik*, 198 F.R.D. 386, 391 (S.D.N.Y. 2000) ("For the purposes of venue in an action under 42 U.S.C. § 1983, defendants who are sued in their official capacity 'reside' where they perform their official duties.").

Under the facts as alleged by plaintiff in the amended complaint, it is clear that the Eastern District of New York does not satisfy any of the above-listed requirements. First, all of the defendants reside in Florida and, thus, Section 1391(b)(1) is not met. Second, as discussed above in connection with the personal jurisdiction issue, all of the alleged actions that are the basis for the Section 1983 claims took place in Florida. In a futile attempt to create venue in this District, plaintiff's amended complaint simply states that he resides in Nassau County and seems to suggest that, because he has suffered greatly while residing in New York from the allegedly wrongful acts in Florida by the defendants, venue is proper here. However, that is not the test – his continued alleged suffering in Nassau County does not create venue in this District where all of the events relevant to the claims took place in Florida. Thus, because it is clear from the amended complaint, that all of the alleged events and omissions giving rise to plaintiff's claims took place in Florida, Section 1391(b)(2) is not satisfied. Finally, Section 1391(b)(3) is not met because plaintiff cannot show that there is no district in which this lawsuit could otherwise be brought under the law. Based upon the allegations in the

9

amended complaint (including the allegations that all defendants reside in the Southern District of Florida), venue would clearly be proper in the United States District Court for the Southern District of Florida. In short, the Court finds that plaintiff has failed to demonstrate any basis for venue under Section 1391(b) and, thus, venue in this District is improper.[7] *See, e.g., In re Siriani*, No. 07 Civ. 3172 (ENV), 2007 WL 3197696, at *1 (E.D.N.Y. Oct. 26, 2007) (finding improper venue in Eastern District of New York in Section 1983 action where the alleged violation of civil rights took place in the Western District of New York); *McMillian v. Dewell*, No. 06 Civ. 0327 (JG), 2006 WL 1027112, at * 1 (E.D.N.Y. Feb. 6, 2006) (finding improper venue in Eastern District of New York in Section 1983 action where alleged constitutional violations took place at a jail in Northern District of New York); *Gamble v. Isaacs*, No. 9:05 Civ. 1097, 2006 WL 1763680, at *1 (N.D.N.Y. June 23, 2006) (finding improper venue in Section 1983 lawsuit brought in Northern District of New York where the alleged unconstitutional conduct took place in Western District of New York and no connection to Northern District was contained in plaintiff's complaint); *see also Moss v. Chrones*, No. 06-4209, 2007 WL 1492335, at *1 (10th Cir. May 23, 2007) ("The events giving rise to Mr. Moss's civil rights claim – the alleged wrongful seizures of his property and interference with his right of access to the courts – all occurred in California. Consequently, the District of Utah is not the proper venue to bring this action."); *Coando v. Payne*, No. 04-8115, 2005 WL 705394, at *1 (10th Cir. Mar. 29, 2005) (affirming dismissal of case under Section 1983 for improper venue in District of Wyoming where plaintiff was suing a Utah state judge based upon allegations that the judge "had presided over several Utah state criminal proceedings in which Coando was a defendant and had, in the course of those proceedings, violated Coando's constitutional rights in various ways").

Accordingly, defendants' motion to dismiss for improper venue is granted.[8]

---

[7] Even assuming *arguendo* that plaintiff's amended complaint only invoked the Court's diversity jurisdiction pursuant to his state law claims, it would not change the above-referenced determination of improper venue. More specifically, if venue is analyzed under diversity jurisdiction, the controlling statute is 28 U.S.C. § 1391(a), which provides that venue lies in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). None of these requirements are met in this case and, therefore, even if this were construed as solely a diversity jurisdiction case, no venue would exist in this District.

[8] As noted *supra*, defendants have raised various grounds for dismissal of claims on the merits, including, among other grounds, the following: (1) statute of limitations; (2) failure to state a claim for relief; (3) qualified immunity, (4) judicial and prosecutorial immunity; (5) immunity from defamation claims arising from judicial proceedings; and (6) failure to comply with Rule 8 of the Federal Rules of Civil Procedure. However, given that the Court has found personal jurisdiction and venue to be lacking, the Court declines to address the merits of these remaining grounds for the motion to dismiss and will allow those issues to be adjudicated in the proper forum upon transfer. *See, e.g., Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997) ("As a general rule, courts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's claims. A

C. Dismissal or Transfer

If venue is improper in the federal district court in which the action was filed, the decision whether to transfer or dismiss is evaluated under 28 U.S.C. § 1406(a) and "lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). In particular, Section 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). Moreover, although the Court has found both improper venue and a lack of personal jurisdiction, it is well settled that a lack of personal jurisdiction does not prevent this Court from transferring the case. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not."); *see also Songbyrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 179 (2d Cir. 2000) ("[W]hether or not venue [is] proper, lack of personal jurisdiction [can] be cured by transfer to a district in which personal jurisdiction could be exercised, with the transfer authority derived from either section 1406(a) or section 1404(a)."); *Hartman v. Low Sec. Correctional Institution Allenwood*, No. 03 Civ. 5601 (DLC), 2004 WL 34514, at *3 (S.D.N.Y. Jan. 7, 2004) ("Section 1406(a) permits the transfer of a case even when the court in which the case was filed did not have personal jurisdiction over the defendant.").

Thus, even in the absence of personal jurisdiction, the Court in its discretion will consider whether transfer of this case to the Southern District of Florida (where it is clear from the complaint that both venue and personal jurisdiction would lie as to all defendants), pursuant to Section 1406(a) in the interest of justice, is warranted. *See Pancoast v. Lee*, No. 07 Civ. 5059, 2009 WL 76502, at *1 (2d Cir. Jan. 13, 2009) ("The district court correctly determined that it lacked personal jurisdiction over the case. Dismissing on this ground, the court stated that it 'need not reach the questions regarding venue' and suggested that the issue was moot. From this, it is unclear whether the district court realized its authority, notwithstanding the absence of personal jurisdiction, to transfer the case pursuant to § 1406(a) if the interests of justice so require. Given that both sides requested a transfer, albeit briefly and in the alternative, we remand for the district court to consider whether one would serve the interests of justice in light of the relevant circumstances."). Furthermore, although the Court recognizes that none of the parties requested transfer (in the alternative) in connection with the motions to dismiss, the Court properly considers the issue, in its discretion, *sua sponte* given the absence of venue or personal jurisdiction in this District. *See, e.g, Interested London Underwriters v. Kelly Global Logistics, Inc.*, No. 06 Civ. 5845 (PKL), 2008 WL 558038, at *5 (S.D.N.Y. Feb. 29, 2008) ("'[A] court may

---

defendant that is not subject to the jurisdiction of the court cannot be bound by its rulings.") (citations omitted); *In re DES Cases,* 789 F. Supp. 552, 560 (E.D.N.Y. 1992) ("On the theory that a court ought to first determine whether a party is properly present before considering substantive issues, the normal practice is to consider 12(b)(2) motions prior to 12(b)(6) motions.") (citing *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963) (en banc)).

11

transfer a case pursuant to 28 U.S.C. § 1406(a) *sua sponte* even if the defendant moves only to dismiss.'") (quoting *Holey Soles Holdings, Ltd. v. Foam Creations, Inc.*, No. 05 Civ. 6893, 2006 U.S. Dist. LEXIS 25880, at *27-*28 (S.D.N.Y. May 2, 2006)); *Bain v. Trans. Corp. of Am.*, No. 2:07 CV 146, 2008 WL 2625234, at *8 (D. Vt. June 30, 2008) ("A district court may transfer a case *sua sponte*.") (citing *Lead Industries Ass'n, Inc. v. Occupational Safety and Health Admin.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979); *Concession Consultants, Inc. v. Mirisch,* 355 F.2d 369, 371-72 n.3 (2d Cir. 1966)); *see also Trujillo v. Williams,* 465 F.3d 1210, 1222 (10th Cir. 2006) ("A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice."); *Desmond v. Nynex Corp.,* 37 F.3d 1484 (1st Cir. Oct. 20, 1994) (unpublished opinion) ("It is well settled that a court may transfer a case sua sponte pursuant to 28 U.S.C. § 1404(a) and 1406(a)."). For the reasons that follow, the Court finds that the interests of justice warrant transfer, rather than dismissal, of this case.

First, the Second Circuit has held that "[a] 'compelling reason' for transfer is generally acknowledged when a plaintiff's case, if dismissed, would be time-barred on refiling in the proper forum." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005) (quoting *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)); *see also Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) ("Given that the functional purpose of 28 U.S.C. § 1406(a) is to eliminate impediments to the timely disposition of cases and controversies on their merits, the transfer of this action, when the statute of limitations has run, is in the interest of justice.") (internal citation omitted); *Open Solutions Imaging Sys., Inc. v. Horn*, No. 03 Civ. 2077, 2004 WL 1683158, at *7 (D. Conn. July 27, 2004) (noting that most courts conclude that it is in the interest of justice to transfer rather than to dismiss a case, especially if the statute of limitations has run).

In connection with plaintiff's Section 1983 claims against the defendants, it is well settled that "[a] § 1983 action brought in Florida is governed by Florida's four-year personal injury statute of limitations." *Henyard v. Secretary, DOC*, 543 F.3d 644, 647 (11th Cir. 2008). This Court recognizes that, as noted by various defendants in their motion to dismiss, plaintiff appears to be attempting to base his Section 1983 claims in part upon alleged conduct that occurred as early as April 2000, when his wife allegedly left with his two children. (Am. Compl. ¶¶ 10-11.) Of course, any cause of action based upon that alleged conduct, or other court proceedings in 2001 or 2002, would have already been time-barred at the time this action was commenced in this District, in December 2007. However, the amended complaint also appears to be attempting to allege causes of action with respect to the dissolution of his marriage on December 14, 2004. (*See* Am. Compl., Relief Section, ¶ 1.) Although any claims based upon alleged conduct in December 2004 would have been timely under Florida law when the amended complaint was filed, they would no longer be timely at this juncture.[9] Moreover, there is no indication that plaintiff's erroneous decision to file in New York was specifically to avoid a statute of limitations defect in Florida. *See Irwin v. Mahnke*, No. 3:05 Civ. 976 (AHN), 2006 WL 691993, at *6 ("[T]ransfer would not be in the interest of justice where it would

---

[9] Plaintiff's amended complaint also appears to base the Section 1983 claims, in part, upon the denial of a motion in Florida state court on December 10, 2007, which would still be timely, if a valid claim existed. (*See* Am. Compl. ¶ 32.)

12

reward a plaintiff for lack of diligence in choosing a proper forum, i.e., where a non-diligent plaintiff files an action in an improper forum to avoid a statute of limitations defect through a venue transfer.") (citing *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394-95 (2d Cir. 1992)). Therefore, in order to avoid further exacerbating any statute of limitations problems that plaintiff already has, the Court believes that transfer, rather than dismissal, is warranted.

Second, putting aside the possible statute of limitations problem, the Court finds that transfer of this case, rather than dismissal, promotes expeditious and orderly adjudication of this case on the merits of defendants' motions. *See Goldlawr*, 369 U.S. at 466-67 ("[Section 1406(a)] is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years – that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits."). This lawsuit has already been pending for over one year and the Court recognizes that defendants have argued that plaintiff's claims contain numerous glaring legal defects on the merits that cannot survive a motion to dismiss.

Moreover, the Court has received correspondence from defendant Kaplan seeking an expeditious resolution of the motion to dismiss. (*See* Defendant Kaplan's Motion to Dismiss and Motion to Strike, dated January 20, 2009.) Therefore, in order to avoid the unnecessary additional costs and/or delay to the parties that would result from dismissal rather than transfer and to provide an expeditious resolution on the merits of defendants' motion to dismiss, the Court concludes that transfer is in the interest of justice. *See, e.g., Joseph v. Hofmann*, No. 1:08-CV-11, 2009 WL 363868 (D. Vt. Feb. 10, 2009) ("To dismiss the case and require re-filing in Kentucky would result in unnecessary duplication of effort on the part of the government, additional effort for the plaintiff, added expense for the defendants, and unnecessary delay for all parties. I therefore recommend that, in the interest of justice, the case be transferred to Kentucky.").

Accordingly, because the Court finds that the interests of justice are furthered by transferring this action as opposed to dismissing it, the Court hereby transfers this lawsuit to the United States District Court for the Southern District of Florida pursuant to Section 1406(a).

### III. CONCLUSION

For the foregoing reasons, the Court lacks personal jurisdiction over any of the defendants under Rule 12(b)(2), and venue is improper in this District under Rule 12(b)(3). However, rather than dismiss the case as argued by defendants, the Court, in its discretion, transfers this case to the United States District Court for the Southern District of Florida in the interest of justice, pursuant to 28 U.S.C. § 1406(a). The Clerk of the Court is hereby directed to transfer this action to the Clerk of the Court for the United States District Court for the Southern District of Florida.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____

JOSEPH F. BIANCO
United States District Judge

13

Dated: March 17, 2009
Central Islip, New York

* * *

Plaintiff Louis A. Pisani is appearing in this action *pro se*. Defendant Ashley L. Diener is represented by Nicole Feder, L'Abbate Balkan Colavita & Contini LLP, 1050 Franklin Avenue, Garden City, New York 11530. Defendants Fernandez-Rundle and Judge White-Labora are represented by Erica C. Gray-Nelson and Helen L. Torres, State of Florida Office of the Attorney General, 110 S.E. 6th Street, Fort Lauderdale, Florida 33301. Defendant Kutner is appearing in this action *pro se*. Defendant Kenneth Kaplan is appearing in this action *pro se*. Defendant Harvey Rogers appears in this action *pro se*. Defendant Michael Gale appears in this action *pro se*.